ANTON L. OLSEN, Appellant, v. FRANK SCHWARZWAELDER, Respondent.

Second Department, November, 1905.

**Architect's certificate — when not proof of performance of building contract.**

When a building contract provides that the architect's certificate that the work has been done according to plans and specifications shall in no way lessen the total and final responsibility of the contractor nor exempt him from liability to replace work, etc., the production of such certificate is not conclusive proof that the builder is entitled to be paid, especially when the case has not been tried on such theory, and the defendant, without objection, has introduced evidence that the contract was not substantially performed and the jury has found for the defendant.

APPEAL by the plaintiff, Anton L. Olsen, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 29th day of December, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 19th day of January, 1904, denying the plaintiff's motion for a new trial made upon the minutes.

*Joseph Williams*, for the appellant.

*Charles B. Bretzfelder*, for the respondent.

WOODWARD, J.:

The plaintiff brings this action to recover the balance alleged to be due him under the provisions of a building contract. The complaint alleges the making of a contract for the construction of certain buildings for the defendant in the State of New Jersey, and the completion of the same according to the terms and conditions of the contract, the agreement of the defendant to make payments according to a certain schedule upon the certificate of the architect, the payment of certain of these installments, and the refusal of the defendant to make a final payment. Upon the trial of the action evidence was introduced, without objection or exception now urged, showing that the contract had not been substantially performed, but that very material matters had been omitted, and upon the case

being submitted to the jury a verdict in favor of the defendant was rendered. From the judgment entered upon such verdict and the order denying his motion for a new trial the plaintiff appeals to this court.

It is urged on the part of the appellant that as the payments were to be made upon the certificate of the architect and as such certificate was secured and presented by the plaintiff, he is entitled to his pay ; that this certificate under the authorities is conclusive upon both parties. This does not appear to have been the theory upon which the case was tried, and we are persuaded from the reading of the contract that the certificate of the architect was not intended to be final. Indeed, the language of the contract is that " in each of the said cases a certificate shall first be produced, signed by the said architect, to the effect that the work is done in accordance with said drawings and specifications, said certificate, however, in no way lessening the total and final responsibility of the contractor ; neither shall it exempt the contractor from liability to replace work, if it be afterwards discovered to have been done ill, or not according to the drawings and specifications, either in execution or materials." Obviously the parties never intended by this agreement to place it in the power of the architect to arbitrarily determine the amount due under the contract, and the case was tried upon the theory that the defendant had the right to contest the quality and the completeness of the work. Upon the issue thus presented, which certainly gave the plaintiff all the rights that he could possibly claim under his pleadings, the jury has found against him, and as there are no exceptions urged only one thing remains and that is the affirmance of the judgment.

The judgment and order appealed from should be affirmed, with costs.

BARTLETT, HOOKER, RICH and MILLER, JJ., concurred.

Judgment and order affirmed, with costs.